**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **LISA KREINBRINK**, | ) | FILED: JUNE 17, 2008 |
| | ) | 08CV3482 |
| Plaintiff, | ) | JUDGE KENDALL |
| | ) | MAG. JUDGE NOLAN |
| vs. | ) | No.  |
| | ) | J. N. |
| **TASC, INC.**, an Illinois non-for-profit | ) | **JURY DEMAND** |
| Corporation, and **JANELLE PRUTTER** | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

Plaintiff, Lisa Kreinbrink (Plaintiff), by and through her attorneys, Shelly B. Kulwin and

Jeffrey R. Kulwin, KULWIN, MASCIOPINTO & KULWIN, L.L.P., and complaining of the

defendant, TASC, Inc., an Illinois non-for-profit corporation, and Janelle Prutter states as follows:

**PARTIES, JURISDICTION AND VENUE**

1.      Plaintiff Lisa Kreinbrink (Kreinbrink) is an Illinois citizen who resides in LaSalle

County.

2.      Defendant TASC, Inc. (TASC) is a non-for-profit Illinois corporation that provides

health recovery management services for individuals with substance abuse and mental health

disorders.  TASC's principal place of business is in Cook County, Illinois.

3.      Defendant Janelle Prutter is an Illinois citizen and resides in Cook County.

4.      This Court has jurisdiction over Kreinbrink's claims pursuant to 28 U.S.C. §§1331

and 1343 (a)(4).

1

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because all, or substantially all, of the material facts underlying these claims occurred in this district.

## FACTS COMMON TO ALL CLAIMS

6.      At all times relevant hereto, TASC contracted work with the Illinois Department of Corrections (IDOC) to provide health recovery management services for IDOC inmates who are nearing release from their term of incarceration.   Pursuant to this contract, TASC employees frequently interacted with IDOC employees and, as a result, IDOC directed and controlled TASC's work.  For example, IDOC had the right to, and would, require changes in TASC's operations and require that TASC take disciplinary action against TASC employees.

7.      In December 2004, TASC hired Kreinbrink to work as a case manager at the Sheridan Correctional Center (Sheridan).  Kreinbrink's duties included, among other things, interviewing inmates prior to their release to assist them with post-incarceration treatment services.

8.      In or around August 2005, Sam Hogsette (Hogsette) was directed by TASC to serve as TASC's administrator at Sheridan, and, in that capacity, was Kreinbrink's immediate supervisor.

9.      Approximately one (1) month after Hogsette began working at Sheridan, he began a course of unwelcome sexually harassing conduct directed at Kreinbrink based on her sex in which he would, among other things, make sexually explicit comments to Kreinbrink, make inappropriate sexual gestures toward her, physically assaulted her and, on at least one occasion, attempted to pull down her shirt so he could see her breasts.

10.      Hogsette's conduct as alleged herein was severe, pervasive and created a hostile work environment.

2

11.     Prior to August, 2005, TASC and IDOC knew that Hogsette had a pattern, practice, and propensity, to engage in inappropriate sexually harassing conduct towards female TASC employees. As a result, TASC failed to take reasonable care to prevent and correct the harassment.

12.     For example, Hogsette worked for TASC in Chicago prior to working at Sheridan.

13.     While working in Chicago, at least one woman complained to TASC that Hogsette sexually harassed her at work. Upon information and belief, TASC terminated the woman who complained about Hogsette's sexually harassing conduct in Chicago.

14.     After Hogsette was assigned to work at Sheridan, TASC sent him to the Dixon Correctional Center (Dixon) for training. While at Dixon, at least one woman complained to IDOC that Hogsette sexually harassed her at work.

15.     On or about December 1, 2005, Kreinbrink filed an internal complaint with IDOC regarding Hogsette's sexually harassing conduct.

16.     On or about December 2, 2005, IDOC directed TASC to investigate Kreinbrink's complaint and, on that same date, TASC placed Hogsette on paid administrative leave.

17.     Subsequent to filing her IDOC complaint, TASC began to retaliate against Kreinbrink for making her complaint by, among other things, making unsubstantiated threats of discipline, giving her baseless written warnings regarding her work performance and forcing her to perform unreasonable and extra work loads. Kreinbrink never received any discipline, nor threatened discipline, for her work performance prior to making her internal complaint about Hogsette's conduct.

18.     TASC also retaliated against other employees who provided truthful information to TASC that substantiated Kreinbrink's complaint against Hogsette.

19.     On December 9, 2005, TASC completed its investigation which substantiated Kreinbrink's complaint and, as a result, it terminated Hogsette.

20.     On December 25, 2005, Kreinbrink filed with the Equal Employment Opportunity Commission (EEOC) a charge of discrimination, a copy of which is attached hereto as Exhibit A and incorporated by reference herein.

21.     TASC's retaliatory conduct directed towards Kreinbrink, and other co-workers who substantiated Kreinbrink's complaint, increased in severity and frequency after she filed her EEOC charge.

22.     On July 12, 2006, Kreinbrink filed a second EEOC charge of discrimination against TASC based on the additional and more severe retaliation she suffered, a copy of which is attached hereto as Exhibit B and incorporated by reference herein.

23.     As a direct and proximate result of the hostile work environment and sexual harassment Kreinbrink was forced to endure, as well as the resulting retaliation she suffered, Kreinbrink suffered severe emotional and physical distress including, among other things, post-traumatic stress disorder, severe anxiety and chronic depression.

24.     On November 10, 2006, Kreinbrink's doctor advised TASC that she needed to be excused from work indefinitely because she was suffering from the aforementioned stress related conditions that she incurred as a result of both Hogsette's conduct and TASC's on-going retaliatory conduct.

25.     On December 14, 2006, TASC advised Kreinbrink that they were filling her position during her absence with a replacement worker and that she would have to apply for further employment when she was capable of so doing.

4

26.     TASC's retaliatory conduct as set forth above, along with their conduct in replacing her with another employee, constitutes a constructive discharge from her position with TASC.

## COUNT I – VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. §§ 2000e *et seq.* (Sexual Harassment \ Hostile Work Environment)

1-26.     Kreinbrink incorporates by reference paragraphs 1-26 as this paragraph 1-26 as if fully stated herein.

27.     Kreinbrink brings this cause pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*

28.     Kreinbrink has filed this cause subsequent to the timely filing with the EEOC charges of discrimination based on sexual harassment and retaliation, true and correct copies of which are attached hereto as Exhibits A and B.  Both of which are incorporated herein by reference.

29.     Kreinbrink has filed this cause pursuant to a Right to Sue Letter issued by the EEOC within the statutory time requirement, a true and correct copy of which is attached hereto as Exhibit C.

30.     Kreinbrink at all times pertinent hereto was a person protected by the provisions of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*

31.     TASC, at all times relevant hereto, operated and did business within the venue and jurisdiction of this judicial circuit and is an employer as defined by 42 U.S.C. § 2000e(b).

32.     In direct violation of the Civil Rights Act of 1964, 42 U.S.C. §§ 2200e, *et seq.* TASC engaged in the discriminatory acts arising out of, and related to, the Charges of Discrimination attached hereto as Exhibits A and B and incorporated herein by reference.

33.     As a result of TASC's discriminatory conduct, as aforesaid, Kreinbrink has suffered injury to her career, as well as other injuries for which she is entitled to compensatory, punitive and liquidated damages, as well as equitable relief, pursuant to the Civil Rights Act of 1964.

34.     TASC's discriminatory conduct, as alleged here, was done with malice and/or with reckless indifference to Kreinbrink's rights.

WHEREFORE, plaintiff, Lisa Kreinbrink, respectfully prays for judgment against the defendant TASC as follows:

A.     Order TASC to make plaintiff Lisa Kreinbrink whole by entering an order awarding Plaintiff appropriate back pay, front pay, and any other actual, compensatory and punitive damages as determined by the fair and enlightened conscience of a jury as well as any affirmative relief necessary to eradicate the effects of TASC's unlawful employment practices;

B.     Award Kreinbrink all reasonable costs and attorney's fees incurred in connection with this action; and

C.     Grant any other relief provided for by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* and/or any other relief as this Court deems just, necessary and proper.

**COUNT II – VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964,**
**42 U.S.C. §§ 2000e *et seq.***
**(Retaliation Claim)**

1-34.     Kreinbrink incorporates paragraphs 1-34 as this paragraph 1-34 as if fully stated herein.

35.     At all times relevant hereto, TASC, through its agents, was aware that Kreinbrink complained and reported the alleged sexual harassment at issue in this matter and filed charges of discrimination based upon those claims.

36.     Subsequent to Kreinbrink reporting alleged sexual harassment, TASC has taken material adverse employment actions against Kreinbrink, by, among other things, making disciplinary threats, forcing her to work extra work loads and, ultimately constructively discharging her, all in retaliation for filing her EEOC charges and making an internal complaint based on those charges, all in violation of federal law as alleged in her two charges of discrimination attached hereto as Exhibits A and B.

37.     There is a direct causal link between Kreinbrink's complaints, and subsequent filing charges of discrimination based on those complaints, and the adverse employment actions taken by TASC against her.

38.     Kreinbrink has been irreparably harmed by TASC's retaliatory conduct in violation of her constitutional rights which cannot be adequately compensated by monetary damages.

39.     TASC will suffer little, if any, harm from a narrowly tailored injunction, because such an injunction would only require it to follow the law.  No harm can be suffered by TASC when balanced against the heavy burden imposed upon Kreinbrink without an injunction.

40.     Without an injunction, the harm to the public will be substantial because Kreinbrink was subjected to violations of her rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*  which can chill the rights of other employees.

WHEREFORE, plaintiff, Lisa Kreinbrink, respectfully prays for judgment against the defendant TASC as follows:

A.     Order the defendant TASC make plaintiff Lisa Kreinbrink whole by awarding Plaintiff any back pay, front pay, actual, compensatory and punitive damages as determined by the fair and enlightened conscience of a jury, and affirmative relief necessary to eradicate the effects of TASC's unlawful employment practices;

7

B.     Enjoin TASC from initiating any other adverse employment actions against Kreinbrink in violation of federal law;

C.     Award Kreinbrink all reasonable costs and attorney's fees in connection with this action; and

D.     Grant any other relief provided for by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* and/or any other relief as this Court deems just, necessary and proper.

### COUNT III – VIOLATION OF 42 U.S.C. § 1983

1-40.   Kreinbrink incorporates paragraphs 1-40 as this paragraph 1-40 as if fully stated herein.

41.     This is a claim for violation of Plaintiff's rights arising under the United States Constitution and 42 U.S.C. § 1983, and seeks damages, injunctive relief and declaratory relief.

42.     At all times relevant hereto, TASC was acting as a state agent under color of state law.

43.     As alleged herein, TASC had a pattern, practice and policy of ignoring sexual harassment by its continued employment of Sam Hogsette.

44.     Prutter was a final policy maker given that she had final authority to control Kreinbrink's work and caused the retaliatory actions alleged herein.

45.     Kreinbrink has been damaged as a result of Defendants' illegal and unconstitutional practices by, among other things, loss of benefits, loss of income, mental anguish, humiliation, embarrassment and stress.

46.     Defendants' unlawful actions taken against Kreinbrink were willfully, wantonly and designedly taken.

47.    Kreinbrink has been irreparably harmed by Defendants for violation of her constitutional rights, which cannot be adequately compensated by monetary damages.

48.    Defendants will suffer little, if any, harm from a narrowly tailored injunction, because such an injunction would only require it to follow the law. No harm can be suffered by Defendants when balanced against the heavy burden imposed upon Plaintiff without an injunction.

49.    Without an injunction, the harm to the public will be substantial because Kreinbrink was subjected to violations of her constitutional rights which can chill the rights of other employees.

50.    A justiciable controversy exists between Kreinbrink and Defendants relating to the use of adverse employment actions in retaliation for Plaintiff's political association in violation of her constitution rights.

51.    A declaratory judgment will serve a useful purpose in clarifying and settling the legal relations at issue in this case.

52.    Declaratory judgment will terminate the controversy and afford relief from the uncertainty, insecurity and controversy at issue.

WHEREFORE, plaintiff, Lisa Kreinbrink, requests that this Court:

A.    Order that defendant TASC and Prutter make Plaintiff whole by providing appropriate back pay, front pay, and any other actual and compensatory damages, and other affirmative relief necessary to eradicate the effects of its unlawful practices;

B.    Award Plaintiff punitive and exemplary damages in an amount set forth by the fair and enlightened conscience of a jury;

C.    Enjoin Defendants from initiating any unlawful adverse employment actions against Kreinbrink in violation of her constitutional rights;

D.    Order Defendants to correct the personnel file of Kreinbrink expunging any unlawful adverse actions from Plaintiff's file;

E.    Declare, pursuant to 28 U.S.C. § 2201, and Fed.R. Civ.P. 57, that TASC's actions violated Kreinbrink's civil and constitutional rights as incorporated by the Fourteenth Amendment to the U.S. Constitution;

F.    Award Kreinbrink all reasonable costs and attorney's fees in connection with this action;

G.    Award Kreinbrink prejudgment interest on all back pay; and

H.    Grant such further relief as this Court deems necessary and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL CLAIMS**

Respectfully submitted,

_____
Jeffrey R. Kulwin

Shelly B. Kulwin
Jeffrey R. Kulwin
KULWIN, MASCIOPINTO & KULWIN, LLP
161 N. Clark, Suite 2500
Chicago, IL 60601
312/641-0300

08CV3482
JUDGE KENDALL
MAG. JUDGE NOLAN

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 210-2006-01669 |

|  |
|---|
| **Illinois Department Of Human Rights** and EEOC |
| *State or local Agency, if any* |

| Name *(Indicate Mr., Ms., Mrs.)* | Home Phone No. *(Incl Area Code)* | Date of Birth |
|---|---|---|
| **Ms. Lisa K. Kreinbrink** | **(815) 496-2965** | **03-31-1964** |

| Street Address | City, State and ZIP Code |
|---|---|
| **3937 E. 2603 Road, Sheridan, IL 60551** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| **TASC** | **201 - 500** | |

| Street Address | City, State and ZIP Code |
|---|---|
| **1500 North Halsted, Chicago, IL 60622** | |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ OTHER *(Specify below.)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest **10-15-2005**    Latest **12-28-2005**

☒ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I. I was hired by Respondent on December 20, 2004 to work at the Sheridan Correctional Center as Case Manager. During the period of October 15, 2005 through November 15, 2005, I along with my female co-workers were subjected to sexual harassment by our male immediate supervisor. On November 15, 2005 I and another female employees filed an internal complaint and the harasser was removed from the facility on December 2, 2005. Beginning December 5, 2005 through the present I and the other female employee have been subjected to retaliatory actions including disciplinary threats and extra work loads. We have complained to Respondent to no avail.

II. I believe that I along with other female employees have been discriminated against based on our sex, female, and retaliation, in violation of Title VII of the Civil Rights Act of 1964, as amended.

RECEIVED EEOC

DEC 2 8 2005

CHICAGO DISTRICT OFFICE

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Dec 28, 2005**   *Lisa K. Kreinbrink*<br>Date        Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS *(month, day, year)* |

EXHIBIT
A

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  ☒ EEOC | 440-2006-07391 |

| Illinois Department Of Human Rights | and EEOC |
|---|---|

State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Lisa K. Kreinbrink | (815) 496-9320 | 03-31-1964 |

Street Address                                        City, State and ZIP Code

200 E. Pleasant St., Sheridan, IL 60551

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| TASC | 201 - 500 | (312) 573-8395 |

Street Address                                        City, State and ZIP Code

1500 North Halsted,  Chicago, IL 60622

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

Street Address                                        City, State and ZIP Code

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN
☒ RETALIATION   ☐ AGE   ☐ DISABILITY   ☐ OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest **03-03-2006**     Latest **05-26-2006**

☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

On December 28, 2005, I filed an EEOC charge of discrimination (Charge No. 210-2006-01669). Since filing my complaint, my work hours were changed to a later start time and I was told that I must have a supervisor present in order to begin work at 7:30am. On or about March 3, 2006, I was denied entrance into the building. On or about April 5, 2006, I was placed on a performance improvement plan. In May 2006, I was given a warning and a write up for minor infractions. On or about May 26, 2006, I was sent home for allegedly wearing inappropriate attire.

I believe that I have been retaliated against because I filed a previous EEOC charge of discrimination, in violation of Title VII of the Civil Rights Act of 1964, as amended.

RECEIVED EEOC

JUL 1 2 2006

CHICAGO DISTRICT OFFICE

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| 7-6-06          Lisa Kreinbrink<br>Date          Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

EXHIBIT
B

08CV3482
JUDGE KENDALL
MAG. JUDGE NOLAN
J N

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| | |
|---|---|
| To: Lisa K. Kreinbrink<br>200 E. Pleasant St.<br>Sheridan, IL 60551 | From: Chicago District Office<br>500 West Madison St<br>Suite 2800<br>Chicago, IL 60661 |

CERTIFIED MAIL  7099 3400 0018 8815 6452

☐ On behalf of person(s) aggrieved whose identity is
   CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2006-07391 | Sherice Galloway,<br>Investigator | (312) 886-4824 |

(See also the additional information enclosed with this form.)

NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in a federal or state court** <u>WITHIN 90 DAYS</u> of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court** <u>WITHIN 90 DAYS</u> of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*John P. Rowe*                    3/20/08

John P. Rowe,                     (Date Mailed)
District Director

Enclosures(s)

cc:    TASC, INC.

EXHIBIT
C

EEOC Form 161-B (3/98)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: Lisa K. Kreinbrink<br>200 E. Pleasant St.<br>Sheridan, IL 60551 | From: Chicago District Office<br>500 West Madison St<br>Suite 2800<br>Chicago, IL 60661 |
|---|---|

CERTIFIED MAIL  7099 3400 0018 8815 6452

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 210-2006-01669 | **Sherice Galloway,**<br>**Investigator** | **(312) 886-4824** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*John P. Rowe*                                    3/20/08

**John P. Rowe,**
**District Director**                              *(Date Mailed)*

Enclosures(s)

cc:    TASC, INC.