IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Lisa Kreinbrink, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TASC, Inc., an Illinois non-for-profit )<br>Corporation, and Janelle Prutter, )<br>)<br>Defendants. ) | Case No. 2008cv3482 |

### TASC, INC.'S MOTION TO AMEND ITS ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT INSTANTER

Defendant, TASC, Inc. ("TASC") by its attorney Ross I. Molho moves to amend its Answer And Affirmative Defenses in accordance with Federal Rule of Civil Procedure 15 based on the following:

1. TASC filed its Answer And Affirmative Defenses To The Complaint (the "Answer") on August 18, 2008.

2. In the Answer, TASC inadvertently responded to paragraph 34, "TASC admits the allegations in ¶34".

3. TASC's response to paragraph 34 was a scrivener's error and should have read, "TASC denies the allegations in ¶34."

4. TASC has not yet received any responsive pleading to its affirmative defenses, and less than 20 days have passed since the pleading was served.

5. TASC has the right as a matter of course to amend this pleading pursuant to Rule 15(a)(1) of the Federal Rules of Civil Procedure.

6. TASC's proposed Amended Answer and Affirmative Defenses To The Complaint is attached as Exhibit 1.

{00031253.DOC /v. 1}

WHEREFORE, TASC respectfully requests that this Court grant leave to amend its Answer and Affirmative Defenses To The Complaint and allow the filing instanter of the attached Amended Answer and Affirmative Defenses To The Complaint.

>Respectfully submitted,

>Clingen Callow & McLean, LLC

>By: /s/ Ross I. Molho

Ross I. Molho
Clingen Callow & McLean, LLC
2100 Manchester, Road, Ste. 1750
Wheaton, Illinois 60187
630/871-2600
ARDC #6231149

August 26, 2008

# EXHIBIT 1

to Tasc, Inc.'s Motion
to Amend its Answer and Affirmative Defenses
to Complaint Instanter

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Lisa Kreinbrink,<br><br>        Plaintiff,<br><br>        v.<br><br>TASC, Inc., an Illinois non-for-profit Corporation, and Janelle Prutter,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)  Case No.  2008cv3482<br>)<br>)<br>)<br>)<br>) |

## TASC, INC.'S AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendant, TASC, Inc. ("TASC") by its attorney Ross I. Molho answers Plaintiff's Complaint as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff Lisa Kreinbrink (Kreinbrink) is an Illinois citizen who resides in LaSalle County.

**ANSWER:**  TASC is without knowledge of the truth or falsity of the allegations in ¶1 and therefore denies the allegations.

2. Defendant TASC, Inc. (TASC) is a non-for-profit Illinois corporation that provides health recovery management services for individuals with substance abuse and mental health disorders. TASC's principal place of business is in Cook County, Illinois.

**ANSWER:**  TASC admits the allegations in ¶2.

3. Defendant Janelle Prutter is an Illinois citizen and resides in Cook County.

**ANSWER:**  TASC admits the allegations in ¶3 and states affirmatively that the individual defendant's name is spelled "Janelle Prueter".

4. This Court has jurisdiction over Kreinbrink's claims pursuant to 28 U.S.C. § 1331 and 1343 (a)(4).

**ANSWER:** TASC admits that Plaintiff purports to invoke the jurisdiction of this Court pursuant to 28 U.S.C. § 1331 and 1343 (a)(4), but TASC denies that it has violated any statute or otherwise engaged in any conduct which would subject it to this Court's jurisdiction.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because all, or substantially all, of the material facts underlying these claims occurred in this district.

**ANSWER:** TASC admits that venue is proper in this district pursuant to 28 U.S.C. §1391 (b) but denies that it has violated any statute or otherwise engaged in any conduct that would subject it to this Court's jurisdiction in this venue.

## FACTS COMMON TO ALL CLAIMS

6. At all times relevant hereto, TASC contracted work with the Illinois Department of Corrections (IDOC) to provide health recovery management services for IDOC inmates who are nearing release from their term of incarceration. Pursuant to this contract, TASC employees frequently interacted with IDOC employees and, as a result, IDOC directed and controlled TASC's work. For example, IDOC had the right to, and would, require changes in TASC's operations and require that TASC take disciplinary action against TASC employees.

**ANSWER:** TASC admits the allegations in the first sentence of ¶6. TASC admits that its employees frequently interacted with IDOC employees but denies the remaining allegations in ¶6.

7. In December 2004, TASC hired Kreinbrink to work as a case manager at the Sheridan Correctional Center (Sheridan). Kreinbrink's duties included, among other things, interviewing inmates prior to their release to assist them with post-incarceration treatment services.

**ANSWER:** TASC admits the allegations in ¶7.

8. In or around August 2005, Sam Hogsette (Hogsette) was directed by TASC to serve as TASC's administrator at Sheridan, and, in that capacity, was Kreinbrink's immediate supervisor.

**ANSWER:** TASC admits that in or around August 2005, Sam Hogsette was directed by TASC to serve as Plaintiff's immediate supervisor. TASC denies the remaining allegations in ¶8.

9. Approximately one (1) month after Hogsette began working at Sheridan, he began a course of unwelcome sexually harassing conduct directed at Kreinbrink based on her sex in which he would, among other things, make sexually explicit comments to Kreinbrink, make inappropriate sexual gestures toward her, physically assaulted her and, on at least one occasion, attempted to pull down her shirt so he could see her breasts.

**ANSWER:** TASC is without knowledge of the truth or falsity of the allegations in ¶9 and therefore denies the allegations.

10. Hogsette's conduct as alleged herein was severe, pervasive and created a hostile work environment.

**ANSWER:** TASC denies the allegations in ¶10.

11. Prior to August, 2005, TASC and IDOC knew that Hogsette had a pattern, practice, and propensity, to engage in inappropriate sexually harassing conduct towards female TASC employees. As a result, TASC failed to take reasonable care to prevent and correct the harassment.

**ANSWER:** TASC denies the allegations in ¶11.

12. For example, Hogsette worked for TASC in Chicago prior to working at Sheridan.

**ANSWER:** TASC admits the allegations in ¶12.

13. While working in Chicago, at least one woman complained to TASC that Hogsette sexually harassed her at work. Upon information and belief, TASC terminated the woman who complained about Hogsette's sexually harassing conduct in Chicago.

**ANSWER:** TASC admits the allegations in the first sentence of ¶13. TASC denies the remaining allegations in ¶13.

14. After Hogsette was assigned to work at Sheridan, TASC sent him to the Dixon Correctional Center (Dixon) for training. While at Dixon, at least one woman complained to IDOC that Hogsette sexually harassed her at work.

**ANSWER:** TASC denies the allegations in ¶14.

15. On or about December 1, 2005, Kreinbrink filed an internal complaint with IDOC regarding Hogsette's sexually harassing conduct.

3

**ANSWER:** TASC admits the allegations in ¶15.

16. On or about December 2, 2005, IDOC directed TASC to investigate Kreinbrink's complaint and, on that same date, TASC placed Hogsette on paid administrative leave.

**ANSWER:** TASC admits that it placed Hogsette on paid administrative leave on December 2, 2005. TASC denies the remaining allegations in ¶16.

17. Subsequent to filing her IDOC complaint, TASC began to retaliate against Kreinbrink for making her complaint by, among other things, making unsubstantiated threats of discipline, giving her baseless written warnings regarding her work performance and forcing her to perform unreasonable and extra work loads. Kreinbrink never received any discipline, nor threatened discipline, for her work performance prior to making her internal complaint about Hogsette's conduct.

**ANSWER:** TASC denies the allegations in ¶17.

18. TASC also retaliated against other employees who provided truthful information to TASC that substantiated Kreinbrink's complaint against Hogsette.

**ANSWER:** TASC denies the allegations in ¶18.

19. On December 9, 2005, TASC completed its investigation which substantiated Kreinbrink's complaint and, as a result, it terminated Hogsette.

**ANSWER:** TASC admits that it terminated Hogsette's employment on December 9, 2005. TASC denies the remaining allegations in ¶19.

20. On December 25, 2005, Kreinbrink filed with the Equal Employment Opportunity Commission (EEOC) a charge of discrimination, a copy of which is attached hereto as Exhibit A and incorporated by reference herein.

**ANSWER:** TASC admits the allegations in ¶20.

21. TASC's retaliatory conduct directed towards Kreinbrink, and other co-workers who substantiated Kreinbrink's complaint, increased in severity and frequency after she filed her EEOC charge.

**ANSWER:** TASC denies the allegations in ¶21.

22. On July 12, 2006, Kreinbrink filed a second EEOC charge of discrimination against TASC based on the additional and more severe retaliation she suffered, a copy of which is attached hereto as Exhibit B and incorporated by reference herein.

**ANSWER:** TASC admits that on July 12, 2006, Plaintiff filed a second EEOC charge of discrimination against it a copy of which is attached to Plaintiff's Complaint as Exhibit B. TASC denies the remaining allegations in ¶22.

23. As a direct and proximate result of the hostile work environment and sexual harassment Kreinbrink was forced to endure, as well as the resulting retaliation she suffered, Kreinbrink suffered severe emotional and physical distress including, among other things, post-traumatic stress disorder, severe anxiety and chronic depression.

**ANSWER:** TASC denies the allegations in ¶23.

24. On November 10, 2006, Kreinbrink's doctor advised TASC that she needed to be excused from work indefinitely because she was suffering from the aforementioned stress related conditions that she incurred as a result of both Hogsette's conduct and TASC's on-going retaliatory conduct.

**ANSWER:** TASC denies the allegations in ¶24.

25. On December 14, 2006, TASC advised Kreinbrink that they were filling her position during her absence with a replacement worker and that she would have to apply for further employment when she was capable of so doing.

**ANSWER:** TASC denies the allegations in ¶25.

26. TASC's retaliatory conduct as set forth above, along with their conduct in replacing her with another employee, constitutes a constructive discharge from her position with TASC.

**ANSWER:** TASC denies the allegations in ¶26.

**COUNT I - VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964,**
**42 U.S.C. § 2000e *et seq.***
**(Sexual Harassment \ Hostile Work Environment)**

1-26. Kreinbrink incorporates by reference paragraphs 1-26 as this paragraph 1-26 as if fully stated herein.

**ANSWER:** TASC restates its answers to paragraphs 1-26 of this Complaint as its answers to the allegations in paragraphs 1-26.

27. Kreinbrink brings this cause pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*

**ANSWER:** TASC admits that Plaintiff purports to brings a cause pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, but TASC denies that it violated Title VII or any other statute or otherwise engaged in any conduct which would subject it to liability.

28. Kreinbrink has filed this cause subsequent to the timely filing with the EEOC charges of discrimination based on sexual harassment and retaliation, true and correct copies of which are attached hereto as Exhibits A and B. Both of which are incorporated herein by reference.

**ANSWER:** TASC admits the allegations in ¶28.

29. Kreinbrink has filed this cause pursuant to a Right to Sue Letter issued by the EEOC within the statutory time requirement, a true and correct copy of which is attached hereto as Exhibit C.

**ANSWER:** TASC admits the allegations in ¶29.

30. Kreinbrink at all times pertinent hereto was a person protected by the provisions of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *etseq.*

**ANSWER:** TASC admits the allegations in ¶30.

31. TASC, at all times relevant hereto, operated and did business within the venue and jurisdiction of this judicial circuit and is an employer as defined by 42 U.S.C. § 2000e(b).

**ANSWER:** TASC admits the allegations in ¶31.

32. In direct violation of the Civil Rights Act of 1964, 42 U.S.C. § § 2200e, *et seq.* TASC engaged in the discriminatory acts arising out of, and related to, the Charges of Discrimination attached hereto as Exhibits A and B and incorporated herein by reference.

**ANSWER:** TASC denies the allegations in ¶32.

33. As a result of TASC's discriminatory conduct, as aforesaid, Kreinbrink has suffered injury to her career, as well as other injuries for which she is entitled to compensatory, punitive and liquidated damages, as well as equitable relief, pursuant to the Civil Rights Act of 1964.

**ANSWER:** TASC denies the allegations in ¶33.

34. TASC's discriminatory conduct, as alleged here, was done with malice and/or with reckless indifference to Kreinbrink's rights.

**ANSWER:**   TASC denies the allegations in ¶34.

WHEREFORE, plaintiff, Lisa Kreinbrink, respectfully prays for judgment against the defendant TASC as follows:

A. Order TASC to make plaintiff Lisa Kreinbrink whole by entering an order awarding Plaintiff appropriate back pay, front pay, and any other actual, compensatory and punitive damages as determined by the fair and enlightened conscience of a jury as well as any affirmative relief necessary to eradicate the effects of TASC's unlawful employment practices;

B. Award Kreinbrink all reasonable costs and attorney's fees incurred in connection with this action; and

C. Grant any other relief provided for by Title VU of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* and/or any other relief as this Court deems just, necessary and proper.

**ANSWER:**   TASC denies that Plaintiff is entitled to any of the relief sought in Count I including but not limited to any relief sought in paragraphs A-C.

### COUNT II- VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e *et seq.*
### (Retaliation Claim)

1-34. Kreinbrink incorporates paragraphs 1-34 as this paragraph 1-34 as if fully stated herein.

**ANSWER:**   TASC restates its answers to paragraphs 1-34 of this Complaint as its answers to the allegations in paragraphs 1-34.

35. At all times relevant hereto, TASC, through its agents, was aware that Kreinbrink complained and reported the alleged sexual harassment at issue in this matter and filed charges of discrimination based upon those claims.

**ANSWER:**   TASC admits the allegations in ¶35.

36. Subsequent to Kreinbrink reporting alleged sexual harassment, TASC has taken material adverse employment actions against Kreinbrink, by, among other things, making disciplinary threats, forcing her to work extra work loads and, ultimately constructively discharging her, all in retaliation *for* filing her EEOC charges and making an internal complaint

7

based on those charges, all in violation of federal law as alleged in her two charges of discrimination attached hereto as Exhibits A and B.

**ANSWER:** TASC denies the allegations in ¶36.

37. There is a direct causal link between Kreinbrink's complaints, and subsequent filing charges of discrimination based on those complaints, and the adverse employment actions taken by TASC against her.

**ANSWER:** TASC denies the allegations in ¶37.

38. Kreinbrink has been irreparably harmed by TASC's retaliatory conduct in violation of her constitutional rights which cannot be adequately compensated by monetary damages.

**ANSWER:** TASC denies the allegations in ¶38.

39. TASC will suffer little, if any, harm from a narrowly tailored injunction, because such an injunction would only require it to follow the law. No harm can be suffered by TASC when balanced against the heavy burden imposed upon Kreinbrink without an injunction.

**ANSWER:** TASC denies the allegations in ¶39.

40. Without an injunction, the harm to the public will be substantial because Kreinbrink was subjected to violations of her rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* which can chill the rights of other employees.

**ANSWER:** TASC denies the allegations in ¶40.

WHEREFORE, plaintiff, Lisa Kreinbrink, respectfully prays for judgment against the defendant TASC as follows:

A. Order the defendant TASC make plaintiff Lisa Kreinbrink whole by awarding Plaintiff any back pay, front pay, actual, compensatory and punitive damages as determined by the fair and enlightened conscience of a jury, and affirmative relief necessary to eradicate the effects of TASC'S unlawful employment practices;

B. Enjoin TASC from initiating any other adverse employment actions against Kreinbrink in violation of federal law;

C. Award Kreinbrink all reasonable costs and attorney's fees in connection with this action; and

D. Grant any other relief provided for by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* and/or any other relief as this Court deems just, necessary and proper.

**ANSWER:** TASC denies that Plaintiff is entitled to any of the relief sought in Count II including but not limited to any relief sought in paragraphs A-D.

### COUNT III - VIOLATION OF 42 U.S.C. § 1983

1-40. Kreinbrink incorporates paragraphs 1-40 as this paragraph 1-40 as if fully stated herein.

**ANSWER:** TASC restates its answers to paragraphs 1-40 of this Complaint as its answers to the allegations in paragraphs 1-40.

41. This is a claim for violation of Plaintiff's rights arising under the United States Constitution and 42 U.S.C. § 1983, and seeks damages, injunctive relief and declaratory relief.

**ANSWER:** TASC admits that Plaintiff purports to bring a claim for violation of Plaintiff's rights arising under the United States Constitution and 42 U.S.C. § 1983, but TASC denies that it violated Plaintiff's rights arising under the United States Constitution and 42 U.S.C. § 1983 or otherwise engaged in any conduct which would subject it to liability.

42. At all times relevant hereto, TASC was acting as a state agent under color of state law.

**ANSWER:** TASC denies the allegations in ¶42.

43. As alleged herein, TASC had a pattern, practice and policy of ignoring sexual harassment by its continued employment of Sam Hogsette.

**ANSWER:** TASC denies the allegations in ¶43.

44. Prutter was a final policy maker given that she had final authority to control Kreinbrink's work and caused the retaliatory actions alleged herein.

**ANSWER:** TASC denies the allegations in ¶44.

45. Kreinbrink has been damaged as a result of Defendants' illegal and unconstitutional practices by, among other things, loss of benefits, loss of income, mental anguish, humiliation, embarrassment and stress.

**ANSWER:** TASC denies the allegations in ¶45.

46. Defendants' unlawful actions taken against Kreinbrink were willfully, wantonly and designedly taken.

**ANSWER:**　　TASC denies the allegations in ¶46.

47. Kreinbrink has been irreparably harmed by Defendants for violation of her constitutional rights, which cannot be adequately compensated by monetary damages.

**ANSWER:**　　TASC denies the allegations in ¶47.

48. Defendants will suffer little, if any, harm from a narrowly tailored injunction, because such an injunction would only require it to follow the law. No harm can be suffered by Defendants when balanced against the heavy burden imposed upon Plaintiff without an injunction.

**ANSWER:**　　TASC denies the allegations in ¶48.

49. Without an injunction, the harm to the public will be substantial because Kreinbrink was subjected to violations of her constitutional rights which can chill the rights of other employees.

**ANSWER:**　　TASC denies the allegations in ¶49.

50. A justiciable controversy exists between Kreinbrink and Defendants relating to the use of adverse employment actions in retaliation for Plaintiff's political association in violation of her constitution rights.

**ANSWER:**　　TASC denies the allegations in ¶50.

51. A declaratory judgment will serve a useful purpose in clarifying and settling the legal relations at issue in this case.

**ANSWER:**　　TASC denies the allegations in ¶51.

52. Declaratory judgment will terminate the controversy and afford relief from the uncertainty, insecurity and controversy at issue.

**ANSWER:**　　TASC denies the allegations in ¶52.

WHEREFORE, plaintiff, Lisa Kreinbrink, requests that this Court:

A. Order that defendant TASC and Prutter make Plaintiff whole by providing appropriate back pay, front pay, and any other actual and compensatory damages, and other affirmative relief necessary to eradicate the effects of its unlawful practices;

B. Award Plaintiff punitive and exemplary damages in an amount set forth by the fair and enlightened conscience of a jury;

C. Enjoin Defendants from initiating any unlawful adverse employment actions against Kreinbrink in violation of her constitutional rights;

D. Order Defendants to correct the personnel file of Kreinbrink expunging any unlawful adverse actions from Plaintiff's file;

E. Declare, pursuant to 28 U.S.C. § 2201, and Fed.R. Civ.P. *57,* that TASC's actions violated Kreinbrink's civil and constitutional rights as incorporated by the Fourteenth Amendment to the U.S. Constitution;

F. Award Kreinbrink all reasonable costs and attorney's fees in connection with this action;

G. Award Kreinbrink prejudgment interest on all back pay; and

H. Grant such further relief as this Court deems necessary and proper.

**ANSWER:** TASC denies that Plaintiff is entitled to any of the relief sought in Count III including but not limited to any relief sought in paragraphs A-H.

## FIRST AFFIRMATIVE DEFENSE

53.   Plaintiff's claim is barred because, upon information and belief, Plaintiff has failed to mitigate her damages. Plaintiff has not taken reasonable actions to reduce her damages since she stopped working for TASC after December 2006.

54.   Upon information and belief, Plaintiff might reasonably have found comparable employment if she had looked for work after December 2006.

## SECOND AFFIRMATIVE DEFENSE

55.   Some or all of Plaintiff's third claim under § 1983 is time barred because the statute of limitations for § 1983 claims in Illinois is two years.

**PRAYER FOR RELIEF**

Based on the foregoing, TASC requests that the Court grant the following relief from Plaintiff:

1. That this Court enter judgment in favor of TASC, INC., and against LISA KREINBRINK and award TASC, INC. its costs and attorney's fees, and

2. Such other relief as the Court may deem just and equitable under the circumstances.

                                  Respectfully submitted,

                                  Clingen Callow & McLean, LLC

                    By:    /s/ Ross I. Molho

Ross I. Molho  
Clingen Callow & McLean, LLC  
2100 Manchester, Road, Ste. 1750  
Wheaton, Illinois  60187  
630/871-2600  
ARDC #6231149  

August 26, 2008